■ ORANGE COUNTY—POUGHKEEPSIE MSA LIMITED PARTNERSHIP, Doing Business as BELL ATLANTIC MOBILE, Respondent, v COMMUNICATIONS CONCEPTS OF NEW YORK, INC., Doing Business as MID HUDSON HELICOPTER & TOWER, INC., et al., Appellants. [753 NYS2d 850] —In an action, inter alia, for a judgment declaring that a sublease between the parties is valid, the defendants appeal from an order of the Supreme Court, Dutchess County (Dolan, J.), dated January 23, 2002, which granted the plaintiff's motion for partial summary judgment dismissing their counterclaim for judgment declaring that the sublease between the parties is null and void, and denied their cross motion pursuant to CPLR 3211 (a) (3) to dismiss the complaint.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Dutchess County, for the entry of a judgment declaring that the sublease between the parties is valid.

Contrary to the defendants' contention, pursuant to Partnership Law § 121-801 (d) (2) and the pertinent provisions of the plaintiff's limited partnership agreement, the transfer of the general partner's interest to its affiliate did not cause the dissolution of the plaintiff's limited partnership. Moreover, the plaintiff's failure to file a certificate of amendment reflecting the transfer within the 90-day period required under Partnership Law § 121-202 (b) did not affect the legal status of the plaintiff, and it did not affect the new general partner's authority to execute the sublease agreement on behalf of the plaintiff. Accordingly, the Supreme Court properly granted the plaintiff's motion for partial summary judgment dismissing the defendants' counterclaim for judgment declaring that the sublease is null and void.

In addition, the Supreme Court properly denied the defendants' cross motion pursuant to CPLR 3211 (a) (3) to dismiss the complaint on the ground that the plaintiff had no legal capacity to sue, as it is clear that the plaintiff is a New York limited partnership.

The defendants' remaining contentions are without merit.

We note that since this is a declaratory judgment action, the Supreme Court should have directed the entry of a judgment declaring that the sublease between the parties is valid (*see Lanza v Wagner,* 11 NY2d 317, 334, appeal dismissed 371 US 74, *cert denied* 371 US 901). Feuerstein, J.P., Krausman, Mastro and Rivera, JJ., concur.